IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2018 SEP -5 P 2: 49

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KEIANDRA L. TURNER and VALENZIA TURNER, et al. ) ) ) | |
| Plaintiff(s), ) ) | |
| vs. ) ) ) | CIVIL ACTION NO.: 2:18-cv-779 |
| OFFICE DEPOT, INC., ) ) | |
| Defendant(s). ) | |

## NOTICE OF REMOVAL

Defendant, Office Depot, Inc. (hereinafter "Office Depot" or "Defendant"), by counsel, files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, showing the following bases for removal. In the event the Court requires Office Depot prove facts alleged in this pleading, or otherwise to establish jurisdiction, Office Depot is prepared to do so.[1]

### INTRODUCTION

---

[1] A Notice of Removal "need not contain evidentiary submissions" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). See *Janis v. Healthnet, Inc.*, 472 F.App.'x 533, 534 (9th Cir. 2012)("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the Federal Court's jurisdiction to its Notice of Removal. Section 1446(a) requires merely 'short and plain statement of the grounds for removal.'"). Rather, as the Supreme Court has clarified, "if the plaintiff contests the defendant's allegation . . . both sides submit proof and the Court decides, by preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S.Ct. at 553-554.

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants District Court's original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where putative class size exceeds one hundred (100) persons, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000.00, exclusive of interests and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this notice.

2. Plaintiffs, Keiandra L. Turner and Valenzia Turner, filed Plaintiffs' Complaint on August 2, 2018 initiating a lawsuit under Case No. 03-CV-2018-901427.00, pending in the Circuit Court for Montgomery County, Alabama. The documents attached as Exhibit "A" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

3. Defendant, Office Depot Inc., received and was served with a copy of the Complaint by certified mailing on August 6, 2018. [Exhibit "A"]

4. This original Notice of Removal is filed within thirty (30) days of service upon Office Depot, the statutory period for removal as required under 28 U.S.C. § 1446(b).

**NOTICE OF REMOVAL TO THIS COURT**

5.  Defendant, pursuant to 28 U.S.C. §§ 1441 and 1446, and based upon diversity of citizenship under 28 U.S.C. § 1332, removes this matter from the Circuit Court for Montgomery County, Alabama to the United States District Court for the Middle District of Alabama.

6.  Following herewith, and incorporated herein, are the legal bases for this Notice for Removal.

### *Jurisdiction*

7.  This Court has jurisdiction over this case under CAFA, 28. U. S. C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U. S. C. § 1441(a), in that it is a civil action wherein: (1) the proposed class contains at least one hundred (100) members; (2) no Defendant is a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000.00; and (4) there is diversity between at least one (1) class member and one Defendant. CAFA authorizes removal of such actions in accordance with 28 U. S. C. § 1446.

**(i) Putative Class(es) in Excess of 100 Members**

8.  The purposed or putative class contains at least one hundred (100) members in that Plaintiffs allege that while the exact number of class members is unknown, the number of putative members of each described class exceeds one hundred (100) persons and entities. (Exhibit "A", Complaint ¶¶ 11, 13).

9. While Defendant denies Plaintiffs are entitled to prosecute the matter as a class action, it admits that the putative classes exceed one hundred (100) persons and entities. (See Office Depot Answer, filed contemporaneously herewith, ¶¶ 11, 13).

### (ii) Office Depot is Not a State, State Official or Governmental Entity

10. Office Depot is a corporation and is not a state, state official, or other governmental entity.

### (iii) Minimum Diversity Exists

11. This Court has removal jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1441 and 1446, and based upon diversity of citizenship under 28 U.S.C. §1332(d)(2)(A).

12. CAFA's diversity requirement is satisfied when at least one (1) plaintiff is a citizen of a state in which the defendant is not a citizen. 28 U. S. C. § 1332(d)(2)(A), 1453.

13. 28 U.S.C. § 1441 provides in relevant part:

    a. Generally – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending.

14.  In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

15.  For diversity purposes, a corporation such as Office Depot "shall be deemed a citizen of any state by which it has been incorporated and the state where it has its principal place of business." 28 U. S. C. § 1332(c)(1).

16.  Plaintiffs Keiandra L. Turner and Valenzia Turner are residents and citizens of Alabama. [Exhibit "A," Complaint, ¶ 2]

17.  Defendant, Office Depot, Inc. is a corporation formed under the laws of the State of Delaware with its principal place of business in the State of Florida. Thus, Office Depot, Inc. is a citizen of the States of Delaware and Florida and is not a citizen of the State of Alabama. [Exhibit "A," Plaintiffs' Complaint ¶ 7; Office Depot Answer, ¶ 7]

18.  Plaintiffs have named no other defendants, and Office Depot is not aware of another potential defendant which would destroy complete diversity of citizenship.

19. Plaintiffs and some other putative class members are citizens of Alabama, and not of Delaware or Florida, and Office Depot is a citizen of the states of Delaware and Florida, and not Alabama, at least one (1) putative class member is diverse from a defendant and CAFA's minimal diversity requirement is met.

### (iv) Amount in Controversy

20. Plaintiffs' Complaint alleges claims of negligence, wantonness, AEMLD, breach of express and implied warranties, failure to warn, injunctive relief and unjust enrichment against Defendant and seeks compensatory and punitive damages as well as disgorgement of all profits, benefits and compensation derived from the sale of various types of Ativa Power Banks and an injunction prohibiting Office Depot from selling various types of Power Banks in the future[2]. (Exhibit "A" – Complaint ¶¶ 22, 95-98).

21. It is well settled that in determining the amount controversy for removal purposes, the Court may compensatory damages, exemplary or punitive damages and other damages sought. See, e.g. *Porter v. MetroPCS Commc'ns, Inc.*, 2014 WL5933661, at *3 (11th Cir. November 14, 2014). See also, *McDaniel v. Fifth Third Bank*, 568 Fed. App'x 729 (11th Cir. 2014)(holding that the Court

---

[2] Office Depot disputes that the Ativa Power Banks described in paragraph 22 of Plaintiffs' Complaint "are substantially similar in every relevant way" to the Ativa 4000mAh Ultra-Slim Power Banks purportedly purchased and used by Plaintiff in November and December of 2017.

should consider punitive damages as part of the jurisdictional amount when accessing the amount in controversy threshold). In addition, under Controlling Supreme Court law, "A defendant's notice of removal need include only of plausible allegations at the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554.

### Compensatory Damages.

22. Ativa Ultra-Slim Power Banks were first made available on the open market in 2015. Since this time, Ativa has sold multiple units of Ativa Power Banks through August 10, 2018 for a total gross sales of $2,007,433.60.

23. Plaintiffs' seek compensatory damages, punitive damages, and disgorgement of all benefits from the sale of multiple types of Ativa Power Banks, which in totality evidences shows that the compensatory or "disgorgement" damages well in excess of $2,000,000.00.

### Exemplary Damages.

24. Plaintiffs also seek exemplary or punitive damages. (Exhibit A, Complaint). Courts should consider punitive damages when determining the jurisdictional amount in controversy. *McDaniel*, 568 Fed. App'x at 731. See also, *Rae v. Perry*, 392 Fed. App'x, 753, 755 (11th Cir. 2010)("[p]unitive damages must be considered when determining the jurisdictional amount in controversy.") In evaluating the amount in controversy for jurisdictional purposes, "Courts are free

to use their experience and commons sense to evaluate the reasonable range of [punitive damage] awards." *Prince Hotel, S. A. v. Blake Marine Grp.*, 2012 WL 870157, at *8 (S.D. Ala. March 13, 2012)(citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

25. For analysis and consideration, Alabama Code § 6-11-21 provides that "no award of punitive damages shall exceed three (3) times the compensatory damages the party claiming punitive or $500,000.00, whichever is greater." Although this prescribed limitation does **not** apply to class actions. ALA. CODE § 6-11-21(a), (h). For analysis purposes, Plaintiffs have placed up to $6,000,000.00 of punitive damages at issue.

26. In evaluating the amount in controversy for jurisdictional purposes, a punitive damage award of "slightly more than double the compensatory damages" has been described as "uncontroversial." *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009). Because the amount in the alleged compensatory damages at issue is at least $2,000,000.00, and it would be "uncontroversial" for the Court to award punitive damages in an amount "double the compensatory damages," Plaintiffs have placed up to $4,000,000.00 of punitive damages at issue. See *id.*

**Attorneys' Fees.**

27. Plaintiffs' further seek attorneys' fees. (Exhibit A, Complaint ¶ 105). In essence, Plaintiffs assert that they are entitled to attorneys' fees for conferring a non-pecuniary benefit on behalf of the class. In other words, Plaintiffs seek attorneys' fees pursuant to the equitable "common benefit" doctrine. See *Campbell v. General Motors Corp.*, 19 F.Supp. 2d. 1260 (N.D. Alabama 1998). In determining the amount of attorneys' fees in controversy for purposes of CAFA, the Eleventh Circuit has indicated that "[w]e do not doubt" that "attorney's fees and costs can equal thirty percent (30%) of the recovery." *Porter*, 2014 WL 5933661, at footnote 3. The thirty percent (30%) benchmark of total damages when calculating the amount of attorneys' fees in controversy is consistent with other federal courts, which have utilized benchmarks between twenty percent (20%) and forty percent (40%) of total damages. See, e.g., *Garibay v. Archston Cmtys., LLC*, 539 Fed. App'x 763 (9th Cir. 2013); *Greco v. Jones*, 992 F. Supp. 2d 693 (S.D. Tex. 2014); *Knowles v. Standard Fire Ins. Co.*, 2013 WL 3968490, at *6 (W.D. Ark. Aug. 2, 2013); *DiPonzio v. Bank of Am. Corp.*, 2011 WL 2693912, at *3 (W.D.N.Y. July 11, 2011); *Falltaous v. Johnson & Johnson*, 2007 WL 3256833, at *10 (D.N.J. Nov. 5, 2007).

28. The amount in controversy threshold is exceeded by any of these benchmarks used by federal courts. In applying the thirty percent (30%) bench mark recognized by the Eleventh Circuit, Plaintiffs' claims for attorneys' fees

increases the total amount in controversy by $1,800,000.00 and the total amount in controversy for this case is between $7,800,000.00 and $10,400,000.00[3], which is more than the required $5,000,000.00 jurisdictional threshold.

29. Though Office Depot concedes no liability on Plaintiffs' claims, assuming that all of Plaintiffs' allegations are true, Plaintiffs' putative class claims place in controversy, sum greater than $5,000,000.00. Specifically, Plaintiffs' allege, among other things, that the Ativa Power Bank product distributed by Office Depot were all defective and unreasonably dangerous when placed into the stream of commerce. (Exhibit "A", Complaint). Plaintiffs allege that their claims are typical of the claims of all putative members of the described classes and Plaintiffs seek, among other things, compensatory and putative damages, as well as a preliminary and permanent injunction and disgorgement of and/or the imposition of a constructed trusts of Office Depot's profits, benefits, attorneys' fees and other compensation obtained from its conduct. (Exhibit "A", Complaint).

### *Service*

A copy of this Notice of Removal is being served contemporaneously on Plaintiffs' counsel and is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama.

---

[3] Two Million Dollars ($2,000,000.00) in compensatory damages, plus Four Million Dollars ($4,000,000.00) in punitive damages, plus One Million Eight Hundred Thousand Dollars ($1,800,000.00) in Attorneys' Fees to Two Million Dollars ($2,000,000.00) compensatory damages, plus Six Million Dollars ($6,000,000.00) in punitive damages, plus Two Million Four Hundred Dollars ($2,400,000.00) in Attorneys' Fees.

## CONCLUSION

For these reasons, Defendant Office Depot, Inc., respectfully pray the filing of this Notice of Removal, the filing of written notice to Plaintiffs, and the filing of the copy of this Notice of Removal with the Clerk of Circuit Court of Montgomery County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 5th day of September, 2018.

/s/ Glenn E. Ireland
GLENN E. IRELAND (ASB-4158-e51g)
ANGEL A. DARMER (ASB-6785-E-49D)
ZACHARY P. MARDIS (ASB-6144-r18v)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
        adarmer@carrallison.com
        zmardis@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2018, I have served a copy of the above and foregoing on counsel for all parties by:

\_\_\_\_\_ Facsimile transmission;
\_\_\_\_\_ Hand Delivery;
__X__ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
\_\_\_\_\_ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Taylor C. Bartlett, Esq.
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
taylor@hgdlawfirm.com

_____
OF COUNSEL