# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARNET TURNER, individually and on behalf of all others similarly situated, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE CO., <br><br> Defendant. | ) ) ) ) ) ) ) ) CIVIL ACT. NO.  2:13cv685-WKW ) ) ) ) ) |
| JOHN E. KLAAS, individually and on behalf of all others similarly situated, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE CO., <br><br> Defendant. | ) ) ) ) ) ) ) ) CIVIL ACT. NO.  2:15cv406-WKW ) ) ) ) ) |

**O R D E R**

Now pending before the court is the parties' joint motion for entry of a confidentiality protective order (doc. # 125) filed on October 5, 2016.  Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for a protective order (doc. # 125) be and is hereby GRANTED.

As the Parties (as defined below) recognize that during the course of this matter they

may be subject to discovery requests (informal and formal) or other proceedings that seek the disclosure of information that the Party or non-party to whom the request is directed considers confidential and/or proprietary; and

As the Parties wish to preserve the confidentiality of such information through a Confidentiality Order; and

As the Parties have a legitimate interest in maintaining the confidentiality of the categories of confidential or proprietary information that the parties may exchange, and will suffer immediate and serious injury if the confidentiality of such information is not maintained, it is further

ORDERED as follows:

1.      **PARTIES TO THE ORDER**. This Order governs Plaintiffs Garnet Turner, Donald Kerr, Suzanne Willingham, James Cartrette, Bill Huff, Kathy Shepherd, William Harbin, Vernon Bentley, Judith Cuddington, Ted Spiewak, Herb Wofford, Alberta Nixon, Charlie Drake, Carrie Dructor, Herbert Vidales, Fred Fichter, Richard Scholl, John E. Klaas, Frank M. Berardi, David R. Sangston, and Terry G. Mountford ("Plaintiffs"), and governs Defendant Allstate Insurance Company ("Defendant"), in the above-captioned matters (the "Action"). All references to "Party" or "Parties" throughout this Order are intended to include Plaintiffs, Defendant, and non-parties who seek the protection of this Order or who are bound by its restrictions. Parties who produce data, documents, or information are "Producing Parties." Parties receiving produced data, documents, or information are "Receiving Parties."

2. **SCOPE OF THE CONFIDENTIALITY ORDER**. This Order shall govern the use of Confidential Information and Highly Confidential Information (as defined below) produced during formal or informal discovery in this Action, including documents, depositions, deposition exhibits, interrogatory responses, admissions, and other written discovery responses ("Discovery Materials"). For the purposes of this Order, the Party designating Discovery Materials as "Confidential" or "Highly Confidential" (the "Designating Party"), and not the other Party ("Non-Designating Party"), bears the burden of establishing that such Discovery Materials are entitled to confidential treatment under this Order.

3. **DEFINITION OF "CONFIDENTIAL INFORMATION."** "Confidential Information" shall mean all non-public material that contains or discloses information relating to, referencing, or pertaining to (a) proprietary business information that, if made public or disclosed to non-parties, could do harm to the Designating Party's business advantage, including but not limited to business plans, employee benefit plans, talent management information, special employee opportunities, financial statements or information, and customer information; (b) personal financial information, personal benefit information, or other personally sensitive information, including personal contact information for current and former employees of Defendant; (c) Defendant's internal documents, including but not limited to policies, guidelines, procedures, and handbooks; and (d) any other material that is confidential pursuant to the laws of the United States or other applicable law, or given confidential status by the Court. For the purposes of discovery, Plaintiffs agree that the Parties can exchange

3

documents without redacting the named Plaintiffs' Social Security numbers ("SSN") and personal health information ("PHI"), but those documents will be marked confidential pursuant to Paragraph 5. The Parties will redact (a) for employees other than the named plaintiffs, their SSN, PHI, home address, home telephone or personal cell phone number, personal email addresses, and bank account numbers and bank information; and (b) for customers, their SSN, PHI, customer names, addresses, telephone numbers, email addresses, driver's license numbers, credit or debit card numbers, bank account number and bank information, and credit reports.

Any copies or reproductions, excerpts, summaries or other documents or media that contain Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order. Confidential Information shall not include information that has been publicly disclosed by the Producing Party at any time, or that is generally available to the public at the time of production, or that becomes generally available to the public after the date of production other than as a result of a disclosure by the Non-Designating Party which disclosure has not been authorized by the Designating Party.

**4. DEFINITION OF "HIGHLY CONFIDENTIAL INFORMATION."** "Highly Confidential Information" shall mean Confidential Information for which the Producing Party in good faith reasonably believes that disclosure other than as permitted pursuant to Paragraph 9 of this Order is substantially likely to cause competitive, commercial, or personal injury to the Producing Party or any person.

5. **MARKING DOCUMENTS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."** The Designating Party shall designate Confidential Information or Highly Confidential Information by physically or electronically marking copies of the Discovery Material produced to a Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. A party may designate documents or information produced by another party or non~ party as Confidential Information or Highly Confidential Information. Any such marking shall not cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the Discovery Material. The Parties shall meet and confer and agree upon a method for designating as Confidential Information or Highly Confidential Information documents produced in native file form, or in any other medium that cannot be designated by electronic or physical marking as set forth above. The Producing Party agrees to individually assess each document, or set of documents, as to its Confidential nature and prior to affixing the label Confidential or Highly Confidential on the document so as to prevent the application of these labels without actually assessing their confidential nature.

6. **TIMING OF CONFIDENTIALITY DESIGNATIONS**. Except for Discovery Materials produced for inspection, designation of Discovery Materials as Confidential Information or Highly Confidential Information shall be made before, or at the time of, production or disclosure. Responsive Discovery Materials may be produced for inspection before being marked as "Confidential" or "Highly Confidential" and, at the option

of the Producing Party, before they are reviewed for privilege, work product, or other applicable privilege, pursuant to a "quick peek" agreement among the Parties as contemplated by Fed. R. Civ. P. 26(f) and Fed. R. Evid. 502(d). There will be no waiver of privilege, work product, or other applicable privileges or objections in this or other proceeding by virtue of an inspection of Discovery Materials that proceeds before they are reviewed for the existence of such privileges. There will also be no waiver of confidentiality by the inspection of Discovery Materials before they are copied and marked "Confidential" or "Highly Confidential" pursuant to this procedure. The Disclosing Party shall clearly identify, prior to inspection, all documents which are being offered for inspection purposes only so as to prevent any confusion as to what is being offered for inspection and what is being offered for production. Once specific Discovery Materials have been designated for copying, any Discovery Materials containing Confidential Information or Highly Confidential Information will then be marked as provided for above before delivery to the Party who inspected and designated the Discovery Materials. Any Discovery Materials designated for copying that are protected by attorney-client privilege, work product doctrine, or other applicable privileges or objections may be removed before copying, but shall be maintained by the Producing Party and described in a privilege log.

7.  **DESIGNATING DEPOSITIONS**.  With respect to any deposition, Confidential· or Highly Confidential treatment under this Order may be invoked by designating specific pages and/or lines as Confidential Information or Highly Confidential Information on

the record at the deposition, or by serving such designations within 30 days after receipt of the final transcript of the deposition from the court reporter. All deposition transcripts shall be treated as Highly Confidential Information for 30 days following receipt of the transcript (and during the period, if any, when the transcript is available in "rough" form) regardless of whether designations of any portions thereof have been designated as Confidential Information or Highly Confidential Information before that time.

8. **"QUALIFIED PERSONS" FOR CONFIDENTIAL INFORMATION**. In the absence of written permission from the Disclosing Party or an order of the Court, Confidential Information may be disclosed only to the following "Qualified Persons":

(a) the Court, including Court personnel necessary to assist the Court in its function with regard to the Action, and the jury, if applicable;

(b) in-house counsel for the Parties and other employees of the Parties who are assisting in-house counsel for the Parties in the conduct of the Action;

(c) outside counsel of record for the Parties, including outside counsel's employees who are assisting counsel of record for the Parties in the conduct of the Action;

(d) to the extent they are retained by and assisting the counsel described in the foregoing subparagraphs 8(b) or 8( c) in the conduct of the Action, such counsel's respective independent contractors, consultants, investigators, paralegals, and litigation support services (including outside copying services and companies engaged in supporting computerized or electronic discovery or

7

trial preparation);

(e) consulting or testifying experts retained or employed by the Parties or their outside counsel, including their respective staff necessary to assist such experts in the conduct of the Action; (f) any person who created or authored such Confidential Information, and any person who received such Confidential Information apart from such person's involvement in the Action;

(g) auditors and insurers of the Parties to the extent necessary for such auditors and insurers to conduct their business with regard to the Party;

(h) mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed by the Court;

(i) any other person while giving factual trial or deposition testimony whose testimony may be aided by the review of such Confidential Information, but only at the time of such testimony and in the presence of the Designating Party, and only upon 14 days' notice to the Designating Party that Confidential Information will be used; and

(j) any person as may be designated by written agreement by the Designating Party or by order of the Court.

**9. "QUALIFIED PERSONS" FOR HIGHLY CONFIDENTIAL INFORMATION.** In the absence of written permission from the Disclosing Party or an order of the Court, Highly Confidential Information may be disclosed only to the persons described

8

in subparagraphs (a) through (j) of Paragraph 8, and only on the same conditions specified therein. Notwithstanding-the-foregoing Highly Confidential Information shall not be disclosed to any person described in subparagraphs (d) and (e) who consult for or have consulted in the past for, are employed by or have been employed in the past by, or have an employment offer from, any competitor, supplier, or vendor of Defendant or any of Defendant's subsidiaries, parents, or affiliates. As used herein, "competitor" means any person or entity engaged in the development, sales, or marketing of insurance services or products.

10. **EXECUTING THE NON-DISCLOSURE AGREEMENT**. Each person to whom Confidential Information or Highly Confidential Information is disclosed pursuant to subparagraphs 8(d), (e), and G) above, shall execute a non-disclosure agreement in the form annexed to the motion for a protective order as Exhibit A before receiving Confidential Information or Highly Confidential Information, or, if the disclosure first occurs in a deposition or in open court, shall affirm on the record that such person is bound by the terms of this Order. Copies of the executed Exhibit A shall be retained by counsel disclosing Confidential Information to such person.

11. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**. A Party or other person objecting to the designation of any Discovery Material as Confidential or Highly Confidential shall give written notice to the Designating Party, identifying by bates number the Discovery Material for which the designation is being challenged. Objections to designations of Discovery Materials as Confidential or Highly Confidential shall be made in good faith and

9

the Party making such objections shall confer directly (in voice-to-voice dialogue) with the Designating Party. The Designating Party shall respond, in good faith, to the Party challenging the designation. If the objecting Party and the Designating Party cannot resolve their dispute through such good-faith meet and confer discussions within a reasonable time, the objecting Party may, within 14 days after the meet and confer process is complete, raise the issue with the Court in accordance with the local rules. Any Discovery Material so designated shall remain Confidential or Highly Confidential, and shall be subject to all of the restrictions on its disclosure and use set forth in this Order, until such time as the Court may determine otherwise. If the Court rules that the challenged Discovery Material is not Confidential or Highly Confidential, the Designating Party shall reproduce copies of all such materials without the designation.

12. **FAILURE TO DESIGNATE**. The failure to designate Discovery Materials as Confidential or Highly Confidential shall not be deemed a waiver in whole or in part of a Party's claim of protection under this Order, either as to the specific Discovery Material or as to any other Discovery Material concerning the same or related subject matter. Such failure to designate may be rectified by written notification to counsel for all Parties to whom the Discovery Material was disclosed, within a reasonable time after discovery of the failure to designate, advising them that the Discovery Material should have been designated Confidential or Highly Confidential. Such written notice shall constitute a designation of the information, document, or thing as Confidential or Highly Confidential under this Order. Upon such

designation, the Parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the Discovery Material about the protected status of the newly designated Confidential or Highly Confidential Information and to retrieve the newly designated Confidential or Highly Confidential Information from any person who would not be permitted by this Order to have such information if it had been designated as Confidential or Highly Confidential Information prior to receipt.

13. **PRODUCTION OF PRIVILEGED DISCOVERY MATERIALS**. Pursuant to Federal Rule of Evidence 502(d), if a Producing Party informs a Receiving Party that a document or information is material protected by the attorney-client privilege, work product doctrine, or other applicable privilege ("Protected Material"), the Receiving Party shall, upon notification of such a disclosure: (a) promptly return the Protected Material and all copies or summaries thereof in its possession to the Producing Party; (b) delete any electronic versions of the Protected Material and all copies or summaries from any data source, or any database it maintains; (c) retrieve all electronic and paper copies and all summaries of the Protected Material provided to any third parties, including experts; (d) destroy any notes that reveal the substance of the Protected Material; and (e) make no use of the information contained in the Protected Material or copies or summaries thereof. The production of Protected Material shall not constitute a waiver of any privilege or protection. Instead, the Producing Party shall be entitled to assert such privilege or protection in this or any other Federal, State, or other proceeding, and the Protected Material and its subject matter shall be treated as if there had

been no such disclosure. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Within thirty (30) days after the discovery and notification to the Receiving Party that Protected Material has been disclosed, the Producing Party will provide a log that describes the basis for the claim that the Protected Material is privileged or otherwise protected from disclosure. Within a reasonable time of discovery that Protected Material has been disclosed, the Producing Party will make the required notification. The Receiving Party shall have the right to apply to this Court for an order that the Protected Material is not protected from disclosure by any privilege, law, or doctrine. The Receiving Party may not, however, assert as a ground for such motion the fact or circumstances of the production or reveal the protected contents of the Protected Material prior to entry of an Order from this Court that such revelation is permitted.

The Party to whom any Protected Material was returned shall retain the Protected Material until the end of the Action, including any appeals. If the substance of the Protected Material is discussed in a deposition or pleading before discovery or notification of the disclosure, such testimony or discussion shall be stricken and may not be used for any purpose unless the Court finds that the material is in fact not privileged.

**14.     NON-PARTIES**. A non-party from whom the Parties seek discovery may designate Discovery Material as "Confidential" or "Highly Confidential" consistent with the terms of this Order. In such circumstances, Discovery Material designated as Confidential or

Highly Confidential by a non-party shall be assigned the same protection as Discovery Material so designated by a Party, and all duties applicable to a Party under this Order shall apply to a non-party designating Discovery Material as Confidential or Highly Confidential. All obligations applicable under this Order to Parties receiving Discovery Material shall apply to any Party receiving Discovery Material from such non-party. Any Party who serves a subpoena on a non-party shall provide such non-party with a copy of this Order.

15. **SUBPOENA FOR CONFIDENTIAL INFORMATION**. If any Party has obtained Confidential Information or Highly Confidential Information under the terms of this Order and receives a request to produce such Confidential Information or Highly Confidential Information by subpoena or other compulsory process, unless prohibited by applicable law, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process). Such notification must be done in writing (by email, if practicable, as well as by overnight courier) immediately and in no event later than three court days after receiving the subpoena or order. In addition, the Receiving Party shall deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue. Nothing herein shall prevent the Receiving Party from timely complying with a subpoena issued by a governmental entity or court.

16. **FILING CONFIDENTIAL INFORMATION**. Counsel for the Parties shall keep all Discovery Materials designated as Confidential or Highly Confidential Information

that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such Discovery Materials in a secure area and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order. The Parties acknowledge that this Order creates no entitlement to file Confidential Information or Highly Confidential Information under seal. All requests to seal documents filed with the Court shall comply with the Court's Instructions for E-Filing Sealed Documents in Civil Cases.

17. **TRIAL OR EVIDENTIARY HEARING(S)**. If the Action proceeds to trial or any evidentiary hearing, absent further order of the Court, all Discovery Materials previously designated as Confidential Information or Highly Confidential Information that are admitted into evidence shall become part of the public record in the Action. A party may file a motion in advance of the trial or hearing, or as soon as practicable after learning of the intent of any other Party to introduce such Confidential Information or Highly Confidential Information into evidence asking the Court to prevent the evidence from being made public. Such motion shall not be granted unless the moving Party demonstrates sufficient cause to maintain the confidentiality of specific Discovery Materials or information through the course of the trial or other evidentiary hearing. The filing of said Motion prevents the party seeking to introduce the evidence into the public record from so doing unless and until said motion is ruled upon, and if the motion is granted, the Confidential Information or Highly Confidential Information shall remain under seal. Confidential Information that is used at a trial or hearing,

and not required by the Court to be used under seal, shall upon introduction, lose its Confidential Information status.

18. **FINAL TERMINATION**. This Order shall be binding throughout and after final adjudication of this Action, including, but not limited to, final adjudication of any appeals and petitions for extraordinary writs. Upon final termination of the Action, including any and all appeals, counsel for each Party shall return all Confidential Information or Highly Confidential Information, including that given to third parties, to the Producing Party within 14 days, including any copies, excerpts and summaries thereof, or shall certify destruction of same and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each Party may retain Discovery Materials, including Confidential Information or Highly Confidential Information, necessary to maintain a file for reasonable period of time after the termination of the Action (including copies of any executed Certifications in the form attached hereto), and such counsel will continue to be bound by this Order with respect to such retained Confidential Information or Highly Confidential Information. Further, attorney work-product materials that contain Confidential Information or Highly Confidential Information need not be destroyed, but, if they are not destroyed, the Party in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

19. **NO EFFECT ON OTHER OBLIGATIONS OR PROTECTIONS**. This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation,

15

nor shall this Order imply that Confidential Information or Highly Confidential Information is properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as Confidential or Highly Confidential on any other ground it may deem appropriate. Neither the entry of this Order, nor the designation of any Discovery Material as Confidential or Highly Confidential, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation. The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

Done this 3rd day of November, 2016.

       /s/Charles S. Coody
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE