IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEIANDRA L. TURNER and VALENZIA TURNER, et al._____Plaintiff(s),_____v._____OFFICE DEPOT, INC.,_____Defendant. | CIVIL ACTION NO.:<br>2:18-cv-779-ALB-SRW |

# ORDER

Pending before the court is Plaintiffs' Motion for Protective Order or, Alternatively, Motion to Quash Subpoenas. Doc. 52. Defendant filed a response in opposition (Doc. 53) to which Plaintiffs replied on October 8, 2019 (Doc. 56). Upon consideration, the court concludes that Plaintiffs' motion (Doc. 52) is due to be granted in part and denied in part.

This latest discovery dispute between the parties involves Defendant's notice of intent to serve non-party subpoenas on four former employers of the Plaintiffs: Community Actions Partnership of North Alabama, Alabama A&M University, Huntsville Bible College, and the Randolph County Board of Education. Docs. 52-1, 52-2. After discussion with Plaintiffs' counsel, Defendant's counsel agreed to modify the subpoenas to read as follows:

> Please produce the following categories of EMPLOYMENT AND/OR PERSONNEL RECORDS: applications for employment, resumes, and investigative, background, or social media search results, employee evaluations, personnel reports, employee reprimands, disciplinary notices or actions, and severance/termination paperwork, PERTAINING TO KEIANDRA L. TUNER; DOB XX/XX/1989; SSN XXX-XX-9959.

1

<u>Expressly excluded from this production are any documents subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); documents relating solely to earnings, salary, or payroll information (including W-2s, 1099s, or other similar tax-related documents, direct deposit requests or authorizations, paystubs, etc.); employee retirement, pension, or benefit plans (including documents relating solely to 401(k) or other profit-sharing plans or heath/vision/dental insurance plans, workers' compensation claims; and use of sick leave, vacation days, or other forms of paid time off</u>.

Please produce the following categories of EMPLOYMENT AND/OR PERSONNEL RECORDS: applications for employment, resumes, and investigative, background, or social media search results, employee evaluations, personnel reports, employee reprimands, disciplinary notices or actions, and severance/termination paperwork, PERTAINING TO VALENZIA TUNER; DOB XX/XX/1966; SSN XXX-XX-2069.  Please limit your search and production of documents to those created or obtained within the ten (10) calendar years immediately preceding Ms. Turner's retirement in 2016.

<u>Expressly excluded from this production are any documents subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); documents relating solely to earnings, salary, or payroll information (including W-2s, 1099s, or other similar tax-related documents, direct deposit requests or authorizations, paystubs, etc.); employee retirement, pension, or benefit plans (including documents relating solely to 401(k) or other profit-sharing plans or heath/vision/dental insurance plans, workers' compensation claims; and use of sick leave, vacation days, or other forms of paid time off</u>.

Doc. 53-3.

Plaintiffs' counsel contends that the subpoenas, even as modified, "seek irrelevant discovery, are overbroad, and are designed to embarrass or annoy Plaintiffs," arguing that "Plaintiffs' entire work history would be subject to production and disclosure in a case that is not even remotely related to employment."[1]  Doc. 56 at 5.  Defendant's counsel maintains

---

[1] Plaintiffs' complaint alleges breach of the Alabama Extended Manufacturer's Liability Doctrine, negligence, wantonness, and breaches of warranties based on the purchase of a Power Bank from an Office Depot store in Montgomery, Alabama.  Doc. 1-1 at ¶¶ 1–3.

that the subpoenas, as drafted, are necessary so that it can investigate Plaintiffs' adequacy as class representatives under Federal Rule of Civil Procedure 23. Rule 23(a)(4) requires the court to find that the "representative parties will fairly and adequately protect the interests of the class." This analysis "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (citation omitted).

Through their subpoenas, Defendant's counsel seek to "confirm Plaintiffs' [deposition] testimony that neither of them w[as] ever disciplined, reprimanded, or terminated." Doc. 53 at 4. Defendant "also seeks to confirm Plaintiff Keiandra Turner's testimony that she has not been successful in obtaining employment since she moved to Georgia in August of 2018 due to her lack of experience and/or education—as opposed to any issues with her previous employment, character, and/or background—despite [her education] … and previous work experience." *Id*. The essence of Defendant's counsel's argument is that information and documentation contained in each Plaintiff's personnel files and employment records is relevant to her credibility and, therefore, to her adequacy as a class representative. Doc. 53 at 3–4.

The court has broad discretion to ensure that the parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," and "[f]or good cause … may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Relevancy for purposes of Rule 26(b)(1) requires "flexible

3

treatment," *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981) (citation and internal quotation marks omitted), and, as a whole, the discovery rules are to be construed broadly and liberally, *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Courts have "broad authority to control the scope of discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (citing Fed. R. Civ. P. 26(b)). Although a party is permitted to seek documentary evidence from a third party through the issuance of a Rule 45 subpoena, the court may limit a party's use of a subpoena if it determines that the discovery is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Plaintiffs have standing to seek a protective order against non-party subpoenas under Rule 26 "if the subpoenas seek irrelevant information." *Zurich American Insurance Company v. Hardin*, 2019 WL 3082608, at *2 (M.D.Fla. 2019). *See also Classroomdirect.com, LLC v. Draphix*, LLC, 2007 WL 9735450, at *1 (N.D.Ala., 2007); *CJS Investors, LLC v. Berke*, 2018 WL 7185189, at *2 (M.D.Fla. 2018) (same). Under Rule 26(c), "the court where the action is pending...may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In evaluating whether a movant has satisfied his burden of establishing good cause for a protective order, a court should balance the non-moving party's interest in obtaining discovery against the moving party's proffer of harm that would result from the discovery. *Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose, Inc.*, 2015 WL 9031929, at *4 (M.D.Fla. 2015)(citing *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)).

    Here, the lawsuit before the court does not concern plaintiffs' employment, and Defendant's counsel does not cite any case holding that a class representative's adequacy

under Rule 23 depends on her former disciplinary history at work or the reasons she sought new employment. Defendant's only plausible claim of relevance for the subpoenaed information is its assertion that plaintiffs' personnel records from employment unrelated to this case might demonstrate that plaintiffs were not truthful in their deposition testimony concerning their disciplinary records or motives for seeking other employment. If plaintiffs were untruthful about such matters, defendant maintains, they are not adequate class representatives.

Defendant is correct that the credibility, honesty, and trustworthiness of proposed class representatives may be relevant to their adequacy under Fed. R. Civ. P. 23. *See, e.g., In re Priceline.com Inc.*, 236 F.R.D. 89, 96–97 (D.Conn. 2006) ("'To judge the adequacy of representation, courts may consider the honesty and trustworthiness of the named plaintiff.'")(citation omitted); *Hively v. Northlake Foods, Inc.*, 191 F.R.D. 661, 668 (M.D.Fla. 2000) ("Within the Court's sound discretion, class certification can be denied if there is a strong indication that one or more of the Plaintiffs' testimony 'might not be credible.'")(citation omitted); *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 325-26 (D.C.N.Y. 1982)("The representatives must be of such a character as to assure the vigorous prosecution of the action so that the members' rights are certain to be protected. The representatives' honesty, conscientiousness, and other affirmative personal qualities are relevant to the inquiry."); *see also* Wright & Miller, 7A Fed. Prac. & Proc. Civ. § 1766 (3d ed.) ("In order to assess the adequacy of the named representatives, courts have looked to factors such as their honesty, conscientiousness, and other affirmative personal qualities. If the representative displays a lack of credibility regarding the allegations being made … then the court may conclude that Rule 23(a)(4) is not satisfied.")(collecting cases). The

honesty of a class representative matters because a representative "is a fiduciary and … the interests of the class are 'dependent on [her] diligence, wisdom and integrity.'" *Koppel v. 4987 Corp.*, 191 F.R.D. 360, 368 (S.D.N.Y. 2000) (citing *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 549–50, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).

However, the undersigned is persuaded, following the *Koppel* court, that in order "'[t]o defeat class representation, any allegations concerning the representative's adequacy must be relevant to the claims in the litigation,' *German [v. Federal Home Loan Motgage Co.],* 168 F.R.D. [145] at 154 [(S.D.N.Y. 1996], and must be 'directed at improper or questionable conduct arising out of or touching upon the very prosecution of the lawsuit.'" *Id.* (citing *Jane B. v. New York City Dep't of Social Services,* 117 F.R.D. 64, 71 (S.D.N.Y. 1987)). Alleged misconduct may be "too unsubstantiated and attenuated, in time and subject matter, to seriously call into question [the class representative's] ability to pursue th[e] litigation and protect the interests of the proposed class." *Id*. (citation omitted). *See also In re Scientific-Atlanta, Inc. Securities Litigation*, 571 F.Supp.2d 1315, 1333 (N.D.Ga. 2007)( "'A plaintiff's lack of credibility and the impurity of his motives can render him an "inadequate' class representative.' *Dubin v. Miller,* 132 F.R.D. 269, 272 (D.Colo.1990). But, '[t]o defeat class representation, any allegations concerning the representative's adequacy must be relevant to the claims in the litigation, such that the problems could become the focus of cross-examination and unique defenses at trial, to the detriment of the class.' *German by German v. Federal Home Loan Mortg. Corp.,* 168 F.R.D. 145, 154 (S.D.N.Y.1996) (quotations omitted). Thus, to render a class representative inadequate, an attack on his credibility must be 'on an issue critical to one of [his] ... causes of action.' *Kline v. Wolf,* 702 F.2d 400, 403 (2d Cir.1983)."); *In re Priceline.com Inc.,* 236 F.R.D. at

96 ("'[t]he existence of questions about the credibility of named representatives will not ordinarily place the interests of those representatives in conflict with other class members. All witnesses are potentially subject to attacks on their credibility. Only when attacks on the credibility of the representative party are so sharp as to jeopardize the interests of absent class members should such attacks render a putative class representative inadequate.'") (citation omitted); *Lane v. Page*, 272 F.R.D. 558, 579 (D.N.M. 2011)(following *Koppel*); *Middlesex Retirement System v. Quest Software, Inc.*, 2009 WL 10669638, at *9 (C.D.Cal. 2009) (following *Koppel*).

In the instant case, defendants have not yet persuaded the court that plaintiffs' questionable conduct—if any such conduct even occurred—actually has a connection to the claims in this litigation. However, this matter is before the undersigned for a decision regarding discovery, not class certification. Within reason, defendant should have the opportunity to explore whether it can show, in response to a likely motion for class certification,[2] that either plaintiff may be an inadequate class representative on the grounds of dishonesty or misrepresentation that somehow touches upon this lawsuit. Nevertheless, balancing the non-moving party's interest in obtaining discovery against the moving party's proffer of harm that would result from the discovery, this court declines to authorize unlimited rummaging in plaintiffs' personnel files, particularly given the fact that defendants have not brought forward any suggestion of actual wrongdoing to date in this case, and it is not yet obvious how defendant could connect any such misbehavior, even if it were discovered to have occurred, to this litigation. Accordingly, it is

---

[2] Motions for class certification and briefs currently are due on or before February 12, 2020. Doc. 40.

ORDERED that Plaintiffs' motion for protective order (Doc. 52) is GRANTED in part and DENIED in part as follows: Defendant may subpoena records from third parties Community Actions Partnership of North Alabama, Alabama A&M University, Huntsville Bible College, and the Randolph County Board of Education, reflecting actual discipline or termination of either of the Plaintiffs within 10 years from the date on which the lawsuit was filed, but may not subpoena the other personnel records proposed. The parties shall treat all documents and information obtained through the subpoenas as confidential pursuant to the confidentiality order that is already in place in this matter.

DONE, on this the 25th day of October, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge